```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

ROSE MARIE KLIMBACH,

                Plaintiff,        03-CV-6111

      v.                                **DECISION**
                                                  **and ORDER**

SPHERION CORPORATION and
AETNA HEALTH, INC.
(FORMERLY U.S. HEALTHCARE, INC.),

                Defendants.
_____

    Plaintiff Rose Marie Klimbach ("plaintiff") brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), alleging that defendants Spherion Corporation ("Spherion") and Aetna Life Insurance Company ("Aetna") (collectively "defendants") improperly calculated her husband's life insurance benefits.[1] Plaintiff now moves for summary judgment in her favor and each of the defendants cross-moves for summary judgment in its favor.[2] For the reasons set forth below, plaintiff's motion for summary judgment is denied; defendant Spherion's motion for summary judgment is granted in its entirety;

---

[1] Aetna Life Insurance Company is improperly sued herein as Aetna Health, Inc. (formerly U.S. Healthcare, Inc.).

[2] Plaintiff is advised to revisit Local Rule of Civil Procedure 7.1(f) which provides that "memoranda in support of or in opposition to any motion shall not exceed twenty-five pages in length and reply briefs shall not exceed ten pages in length. . . ." W.D.N.Y. R. 7.1(f). Although it is within the Court's discretion to disregard any part of a submission which exceeds these limits, in the interest of fairness, the court reviewed plaintiff's entire thirty-six page memorandum of law in support of her motion for summary judgment (Doc. No. 28) and twenty-five page reply brief (Doc. No. 50-1).

defendant Aetna's motion for summary judgment is also granted in its entirety; and Aetna' request for attorneys' fees is denied.

## BACKGROUND

Plaintiff is the widow of Roger Klimbach ("Mr. Kilmbach"), who died on March 7, 2002 after battling cancer. Mr. Klimbach had worked for defendant Spherion as a software consultant. When he started his employment at Spherion on October 16, 2000, he was considered an hourly employee, was paid $25 per hour for each hour he worked and was not entitled to company-paid holidays, vacation time, hospital and medical benefits or life insurance. See Employment Agreement, Appendix A, ¶¶ 3 and 4, Attached to Declaration of Dov Kesselman, Ex. A (Doc. No. 43). At that time, he elected to pay for his own life insurance which Spherion made available to its hourly employees through Aetna Healthcare, Inc.[3]

In December 2000, Mr. Klimbach was diagnosed with cancer, and was required to take a leave of absence from Spherion until May 2001. When he returned to work on May 11, 2001, his hourly rate was reduced to $21 per hour, which if annualized would equal approximately $44,000 per year in earnings. He continued to work at the $21 per hour rate until August 17, 2001, which was the last day he worked for Spherion. From the time he was diagnosed with

---

[3]At the time that Mr. Klimbach enrolled in Spherion's life insurance program, Aetna Healthcare, Inc. was known as Aetna Life Insurance Company. See Declaration of Dov Kesselman, Ex. I, p. 2 (Doc. No. 43).

cancer Mr. Klimbach had several communications with Spherion employees regarding the continuation of his life insurance coverage, and he continued to make monthly premium payments until his death.

On March 25, 2002, after Mr. Klimbach's death, Spherion prepared a Proof of Death form and submitted it to Aetna for payment of life insurance benefits to plaintiff as the beneficiary of Mr. Klimbach's life insurance policy. That Proof of Death form contained plaintiff's earnings as determined by Spherion and the level of coverage Mr. Klimbach elected. Based on that information, Aetna issued plaintiff a check for $11,000 on April 1, 2002. However, Spherion had misrepresented the level of coverage Mr. Klimbach had elected and submitted a corrected Proof of Death form to Aetna on April 24, 2002. On May 20, 2002, Aetna issued plaintiff a check representing the difference between the April 1, 2002 benefits payment and the amount to which she was actually entitled - a total of $31,000.

Plaintiff was under the impression that she was entitled to $132,000 in benefits, and contacted Spherion to express her concerns. In June 2002, Spherion sent her a letter advising her of her right to appeal the benefits determination to Spherion's Plan Administration Committee. By letter dated October 9, 2002, Spherion's Plan Administration Committee denied plaintiff's appeal.

The present controversy concerns interpretation of the terms of the life insurance agreement (the "Plan"). The life insurance

coverage election form quantified the available amounts of coverage in terms of an employee's "salary." See Plaintiff's Statement of Undisputed Material Facts, Ex. A (Doc. No. 29). Mr. Klimbach elected coverage which upon his death would pay his beneficiary two times his "salary" and elected supplemental coverage which upon his death would pay his beneficiary an additional year's worth of his "salary." See Plaintiff's Statement of Undisputed Material Facts, Ex. A (Doc. No. 29). The life insurance policy (the "Plan"), however, quantified the coverage amounts in terms of an employee's "basic annual earnings," which is defined as "[p]rior year's gross earnings, including bonuses and commissions, or current year's gross earnings, including bonuses and commissions, whichever is greater." See Summary of Life Insurance Coverage, p.3, Attached to Declaration of Dov Kesselman, Ex. I (Doc. No. 43).

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment as a matter of law only where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . ." FED.R.CIV.P. 56(c). The party seeking summary judgment bears the burden of demonstrating that no genuine issue of material fact exists, and in making the decision the court must draw all reasonable inferences in favor of the party against whom summary

judgment is sought. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir.2003) (citing Marvel Characters v. Simon, 310 F.3d 280, 285-86(2d Cir.2002)). "Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Id.

I.      Plaintiff's § 1132 Claims

Under 29 U.S.C. § 1132(a)(1)(B) a plan participant or beneficiary may bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132 (a)(1)(B). A claim for improper denial of benefits under § 1132 is reviewed under a de novo standard unless the administrator or fiduciary can prove that it maintained discretionary authority to determine eligibility for benefits or to construe the terms of the plan, in which case an arbitrary and capricious standard applies. Firestone Tire and Rubber Company v. Bruch, 489 U.S. 101, 115 (1989). Where a district court reviews a benefits determination under the arbitrary and capricious standard, it is limited to considering only the information available to the fiduciary at the time of the benefits determination in question. Miller v. united Welfare Fund, 72 F.3d 1066, 1071 (2d Cir.1995). A benefits determination will not be found to be arbitrary and capricious unless it is "without reason, unsupported by substantial evidence or erroneous as a matter of

law." Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441-442 (2d Cir.1995).

    A.    Plaintiff's Claims Against Defendant Aetna

While plaintiff's complaint pursues several causes of action, only one is directed toward Aetna; namely that Aetna failed to pay certain life insurance benefits to plaintiff in violation of ERISA § 1132, for which plaintiff now moves for summary judgment in her favor. Aetna cross-moves for summary judgment, arguing that it is entitled to judgment in its favor because it did not act in an arbitrary and capricious manner.

Under the terms of the Plan, Aetna is designated the "ERISA claim fiduciary." See Affidavit of Ronald L. Campo in Support of Aetna's Cross-Motion for Summary Judgment, Ex. B, RMK00089 (Doc. No. 34). As ERISA claim fiduciary, Aetna maintains the discretionary authority to "determine whether and to what extent employees and beneficiaries are entitled to benefits; and construe any disputed or doubtful terms of this policy." Id. Thus, since Aetna holds a measure of discretionary authority over the Plan, its decision regarding Mr. Klimbach's life insurance benefits is reviewed under an arbitrary and capricious standard.

Aetna's role in determining plaintiff's benefits was at most limited. According to the plan, Aetna would pay benefits only after Spherion submitted a Proof of Death form, which detailed the

participant's earnings and the life insurance coverage level selected by the participant.

On March 25, 2002, Spherion submitted to Aetna a Proof of Death form in connection with plaintiff's life insurance benefits claim. See Affidavit of Ronald L. Campo in Support of Aetna's Cross-Motion for Summary Judgment, Ex. B, RMK00024 (Doc. No. 34). That Proof of Death form indicated that Mr. Klimbach's earnings were $11,000 and that his beneficiary should receive 100% of his earnings. Accordingly, on April 1, 2002, Aetna issued plaintiff a check in the amount of $11,000.

On April 24, 2002, Aetna received from Spherion a corrected Proof of Death form indicating that Mr. Klimbach's beneficiary should receive 300% of his earnings, instead of the 100% it had reported earlier. See Affidavit of Ronald L. Campo in Support of Aetna's Cross-Motion for Summary Judgment, Ex. B, RMK00023 (Doc. No. 34). Accordingly, on May 20, 2002, Aetna issued plaintiff a check representing the difference between the April 1, 2002 benefits payment and the amount to which she was actually entitled.

The evidence shows that Aetna issued plaintiff life insurance benefits in accordance with the information provided by Spherion and in accordance with the Plan. Plaintiff offers no evidence, aside from allegations of bad faith, that Aetna's conduct is without reason or unsupported by substantial evidence. After a complete review of the record, I determine that Aetna acted properly in issuing plaintiff's benefits under the Plan.

Accordingly, Aetna is entitled to summary judgment in its favor on plaintiff's first cause of action alleging a violation of § 1132, and that claim against defendant Aetna is hereby dismissed with prejudice.

### B.   Plaintiff's Claims Against Defendant Spherion

Plaintiff moves for summary judgment against defendant Spherion on her § 1132 claim, alleging that its failure to pay her $132,000 in life insurance benefits under Mr. Klimbach's policy is a violation of ERISA. Spherion cross-moves for summary judgment in its favor, arguing that the determination of Mr. Klimbach's life insurance benefits was made in accordance with the terms of the Plan documents and that its application of the Plan was reasonable.

Under the terms of the Plan, Spherion is given discretionary authority to determine an employee's earnings for the purposes of benefits calculations. See Declaration of Dov Kesselman in Support of Spherion's Cross-Motion for Summary Judgment, Ex. L, p. 3 (Doc. No. 43). As such, its benefits determination is reviewed under an arbitrary and capricious standard.

Under ERISA, a beneficiary is entitled only to what is due to her under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). Only the written plan documents may establish those terms. 29 U.S.C. § 1102(a)(1).

Here, the plan documents provide that for the purpose of calculating Mr. Klimbach's death benefit, his beneficiary is

entitled to 300% of Mr. Klimbach's "basic annual earnings, as determined by [Spherion]." Declaration of Dov Kesselman in Support of Spherion's Cross-Motion for Summary Judgment, Ex. L, p. 3 (Doc. No. 43). According to Spherion's benefits manual, Spherion would determine an employees' "basic annual earnings" as the greater of either (1) the employee's prior year's gross earnings or (2) the employee's current gross salary. Declaration of Dov Kesselman in Support of Spherion's Cross-Motion for Summary Judgment, Ex. K, SC00013 (Doc. No. 43). When Mr. Klimbach died on March 7, 2002, his prior year's gross earnings totaled $10,023.25 and his current year's gross salary was zero since he hadn't worked in 2002. Based on these figures, Spherion multiplied Mr. Klimbach's prior year's earnings by 300% and then rounded it up to the nearest $1000 to arrive at the amount of benefits to which plaintiff was entitled - a total of $31,000.

Nonetheless, plaintiff argues that Spherion should have based its calculation not on Mr. Klimbach's prior year's earnings, but on his "salary" of $44,000 per year - a view unsupported by the record First, Mr. Klimbach was an hourly non-salaried employee and not a salaried employee. See Declaration of Dov Kesselman in Support of Spherion's Cross-Motion for Summary Judgment, Ex. A (Doc. No. 43). As such, Spherion was not obligated to base the calculation of his benefit on a "salary," because he did not receive a salary. Second, the Plan clearly states that the benefit calculation is based on the participant's earnings as determined by Spherion. The process by which Spherion determines earnings for the purpose of

calculating benefits is clearly set forth in the written Plan documents, and plaintiff presents no evidence that Spherion's calculation of benefits was contrary to those written Plan documents. Accordingly, Spherion is entitled to judgment in its favor on plaintiff's first cause of action alleging a violation of 29 U.S.C. § 1132, and that claim against Spherion is dismissed with prejudice.

II.    Plaintiff's Improper Modification of Plan Claim

Plaintiff's second cause of action alleges that Spherion improperly modified the Plan when Spherion employees made certain representations to Mr. Klimbach concerning the amount of his life insurance coverage and premium payment amounts. Spherion claims that it is entitled to summary judgment on this claim because as a matter of law, participants are unable to rely on oral representations in the face of written plan documents to the contrary.

ERISA requires that every employee benefit plan "be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). In general, informal communications may not be relied upon to change the terms of the written ERISA plan. Smith v. Dunham-Bush, Inc., 959 F.2d 6, 7, 10 (2d Cir.1992). However, where informal representations that modify the plan are "tantamount to fraud" those representations may be enforced. Moore v. Metropolitan Life Insurance Company, 856 F.2d 488, 492 (2d Cir.1988). Informal communications may be "tantamount to fraud"

where they are made in bad faith or with an intent to deceive. Moore v. Metropolitan Life Insurance Company, 856 F.2d 488, 492 (2d Cir.1988).

Plaintiff is unable to offer evidence that the representations made to Mr. Klimbach were made in bad faith or with the intent to deceive.[4] She alleges that a Spherion representative named MS. Dieringer informed Mr. Klimbach on several occasions that based on the premiums he paid, he was entitled to $132,000 in life insurance benefits. See Plaintiff's Statement of Undisputed Facts, ¶¶ 19, 20, 22, 26, 27, 28 (Doc. No. 29). She also alleges that Ms. Dieringer believed that plaintiff was entitled to $132,000 in payment on Mr. Klimbach's life insurance coverage, and that the $11,000 paid by Aetna in satisfaction of the policy was "not even near what it should be." See Plaintiff's Motion for Summary Judgement, Ex. 13 (Doc. No. 24). This evidence, if true, demonstrates that the representations made to Mr. Klimbach by Ms. Dieringer in her capacity as a Spherion representative concerning the amount of his life insurance coverage and premium payment

---

[4]To prove her claim of improper modification, plaintiff submits the deposition testimony of Karen Klimbach, daughter of Mr. Klimbach and plaintiff, concerning statements made by Mr. Klimbach regarding conversations he had with Spherion employees about his life insurance coverage. However, pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, plaintiff may only present evidence that would be admissible in court. Karen Klimbach's version of the conversations she had with her father concerning his conversations with Spherion employees would be considered inadmissible hearsay, and therefore is not considered in the determination of the pending motions. That notwithstanding, consideration of Karen Klimbach's deposition testimony would not have altered the Court's decision with respect to plaintiff's improper modification claim.

amounts were made neither in bad faith, nor with the intent to deceive. When Ms. Dieringer allegedly assured Mr. Klimbach that he had $132,000 in life insurance coverage, she based that amount on projected earnings of $44,000, which would have been correct had he worked a complete year and in fact had been paid $44,000. Unfortunately, because of his illness he only earned approximately $11,000 in 2001. Ms. Dieringer had no authority to predetermine Mr. Klimbach's "earnings" for the purpose of life insurance benefit calculations. Ms. Dieringer's representations were at best hypothetical, resulting in an unfortunate misunderstanding which cannot alter the express terms of the Plan. Therefore, plaintiff's second cause of action for improper modification of the Plan must be dismissed and judgment is granted in favor of defendants on that claim.

### III.   Plaintiff's Fraud Claim

Plaintiff's third cause of action is based on the common law theory of fraud. Defendants contend that since this claim sounds in state common law, it is preempted by ERISA. Plaintiff argues however that the defendants' assertion that the common law claims are barred fails because "[p]laintiff's claims seeks [sic] damages pursuant to specific ERISA provisions . . . 29 [U.S.C.] § 1132, 29 [U.S.C.] § 1104 and 29 [U.S.C.] § 1109." See Plaintiff's Memorandum of Law in Opposition to Defendant Aetna's Cross-Motion for Summary Judgment, p. 3 (Doc. No. 54).

It is well-settled that "[a] state common law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted." Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270, 288 (2d Cir.1992). Plaintiff asserts a total of five causes of action: (1) failure to pay benefits in violation of §1132; (2) improper modification of the Plan; (3) fraud; (4) breach of fiduciary duty under §§ 1104 and 109; and (5) equitable estoppel. In the third cause of action for fraud, plaintiff cites no specific ERISA provision, but instead alleges that "Spherion's attempt to intentionally disregard the representation and promises made by Spherion to Mr. Klimbach regarding his insurance coverage . . .constitutes fraud." See Complaint, ¶ 69 (Doc. No. 1). Plaintiff relies on the same conduct in furtherance of her claims for breach of fiduciary duty and equitable estoppel. Therefore, since plaintiff's third cause of action is duplicative of her ERISA claims, it is preempted by ERISA. Accordingly, plaintiff's fraud claim must be dismissed, and judgment on plaintiff's third cause of action is granted in favor of defendants.

### IV.     Plaintiff's Breach of Fiduciary Duty Claim

Plaintiff next claims that defendants breached their fiduciary duty to her under 29 U.S.C. §§ 1104 and 1109 by misrepresenting the amount of life insurance benefits to which Mr. Klimbach was entitled.

Section 1104 of Title 29 of the United States Code provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. §1104. To prove that a defendant breached a fiduciary duty in violation of 29 U.S.C. §§ 1104 and 1109, a plaintiff must demonstrate that: (1) the defendant was acting in its capacity as a fiduciary when it made the alleged misrepresentations; (2) the alleged misrepresentation was material; and (3) the plaintiff relied on that material misrepresentation to her detriment. Ballone v. Eastman Kodak Company, 109 F.3d 117, 112, 126 (2d Cir.1997).[5]

First, it is important to determine whether Spherion was acting in a fiduciary capacity when its employees allegedly informed Mr. Klimbach that he would be entitled to $132,000 in life insurance benefits. ERISA provides that "a person is a fiduciary with respect to a plan, and therefore subject to ERISA fiduciary duties, to the extent that he or she exercises any discretionary authority or discretionary control respecting management of the plan, or has any discretionary authority or discretionary responsibility in the administration of the plan." Devlin v. Empire Blue Cross and Blue Shield, 274 F.3d 76, 87 (2d Cir.2001) (quoting Varity Corporation v. Howe, 516 U.S. 489, 498) (internal quotation marks omitted). However, where the individual performs

---

[5] Plaintiff relies on New York State law concerning negligent misrepresentation in proving her breach of fiduciary claim. However, since she alleges a breach of the fiduciary responsibilities established by ERISA, the Court will employ the standards for fiduciaries set out in ERISA.

only ministerial tasks, he or she is not subject to ERISA fiduciary duties, and thus cannot be liable for breach of fiduciary responsibility under ERISA. Geller v. County Line Auto Sales, Inc., 86 F.3d 18, 21 (2d Cir.1996). Section 2509.75-8 of the Code of Federal Regulations lists several purely ministerial tasks which if performed will not expose an individual to liability as an ERISA fiduciary, including: application of rules determining eligibility for participation or benefits; calculation of services and compensation credits for benefits; and calculation of benefits. 29 C.F.R. §§ 2509.75-8(1), 2509.75-8(2) and 2509.75-8(6) (2005).

Spherion contends that it is entitled to summary judgment dismissing plaintiff's breach of fiduciary claim because the misrepresentations of which plaintiff complains were not made by a plan fiduciary, but rather an individual who performed only ministerial functions and thus it cannot be held liable under ERISA's standards for fiduciaries. I agree. Plaintiff's allegations are based on representations made by Ms. Dieringer in response to Mr. Klimbach's inquiry regarding premium payment amounts. See Plaintiff's Motion for Summary Judgment, Ex. 13 (Doc. No. 24). In making those representations, Ms. Dieringer did nothing more than calculate Mr. Klimbach's premiums and communicate that calculation to Mr. Klimbach. According to the Code of Federal Regulations, these activities are purely ministerial. Ms. Dieringer was not acting as a fiduciary, and thus cannot be held liable under ERISA for breach of fiduciary duty. Accordingly, judgment is awarded in favor of defendants on plaintiff's fourth

cause of action for breach of fiduciary duty, and that claim is dismissed with prejudice.

### V.    Plaintiff's Equitable Estoppel Claim

In her fifth cause of action, plaintiff alleges that she is entitled to relief based on the theory of equitable estoppel. Specifically, she claims that Spherion made material representations to Mr. Klimbach, on which he relied in making his decision not to purchase additional life insurance coverage, and that as a result she suffered damages.

Equitable Estoppel is a valid legal theory in the context of ERISA. Lee v. Burkhart, 991 F.2d 1004, 1008 (2d Cir.1993). The elements of equitable estoppel are: (1) a material representation; (2) reliance; (3) and damage. In addition, the plaintiff must prove that there existed extraordinary circumstances that go beyond the concept of reasonable reliance. Id. at 1009.

Plaintiff asserts that she is entitled to summary judgment on this claim because: (1) Spherion employees represented to Mr. Klimbach that he was entitled to life insurance benefits equal to three times his "salary;" (2) Mr. Klimbach relied on that representation when he did not procure additional life insurance coverage; and (3) plaintiff, the beneficiary of Mr. Klimbach's life insurance policy suffered damage since the amount paid by Spherion was much less than what she anticipated. While plaintiff may present facts sufficient to withstand summary judgment concerning the first three elements of her estoppel claim, she fails to offer

evidence in support of the final requirement of extraordinary circumstances.

To satisfy the extraordinary circumstances requirement, a plaintiff must demonstrate that the defendant made a promise that it "reasonably should have expected to induce action or forbearance on [the participant's] part." <u>Devlin v. Empire Blue Cross and Blue Shield</u>, 274 F.3d 76, 86 (2d Cir.2001). For example, in <u>Devlin</u>, the Second Circuit Court of Appeals found that the plaintiffs demonstrated extraordinary circumstances where they had been induced to work for defendant for as many as forty years with the promise of lifetime health insurance benefits at no cost to them. <u>Id.</u>

Here, plaintiff attempts to establish extraordinary circumstances by alleging that Mr. Klimbach decided not to obtain additional life insurance coverage based on the representations made by Spherion. However, plaintiff fails to present evidence that Spherion made those representations with the intention of dissuading Mr. Klimbach from obtaining life insurance coverage beyond that contained in the Spherion policy. Accordingly, since plaintiff is unable to meet the extraordinary circumstances requirement of an ERISA estoppel claim, judgment is awarded in favor of defendants on plaintiff's fifth cause of action for equitable estoppel, and plaintiff's equitable estoppel claim is dismissed.

VI.     Aetna's Request for Attorneys' Fees

Surprisingly, defendant Aetna asks that the Court grant its request for attorneys' fees in connection with its defense of this action. Section 502(g) of ERISA, codified at 29 U.S.C. § 1132(g), provides that the court "in its discretion may allow a reasonable attorney's fee and costs of the action to either party." 29 U.S.C. § 1132(g). The Second Circuit Court of Appeals has enunciated five factors to be considered in determining whether to award attorneys' fees under ERISA: (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons from acting similarly in like situations; (4) the relative merits of the parties' cases; and (5) whether the action conferred a common benefit on plan members. <u>Chambless v. Masters, Mates & Pilots Pension Plan</u>, 815 F.2d 869, 871 (2d Cir.1987).

After thorough review of the record, I reject Aetna's claim that it is entitled to an award of attorneys' fees. First, plaintiff's refusal to voluntarily dismiss her claims against Aetna pending completion of discovery with Spherion does not rise to the level of bad faith. Second, Aetna has failed to demonstrate that plaintiff has the ability to pay an award of attorneys' fees, since plaintiff's ability to pursue a motion for summary judgment has little bearing as to whether she can afford to pay Aetna's expenses in defending this action. Lastly, I question whether an award of attorneys' fees in this case will deter other from pursuing similar

actions. Accordingly, Aetna's request for attorneys' fees under § 502(g) of ERISA is denied.

## **CONCLUSION**

For the reasons set forth above, I find that: (1)neither Aetna nor Spherion acted arbitrarily and capriciously in determining the amount of benefits to which plaintiff is entitled under Mr. Klimbach's life insurance policy; (2) the statements made to Mr. Klimbach by Spherion representatives concerning his amount of life insurance coverage were not tantamount to fraud; (3) Spherion did not breach its fiduciary duties under ERISA; (4) plaintiff's common law fraud claim is barred; (5) plaintiff is unable to pursue her equitable estoppel claim because she is unable to prove extraordinary circumstances; and (6) defendant Aetna is not entitled to an award of attorneys' fees. Accordingly, plaintiff's motion for summary judgment is denied, defendant Spherion's motion for summary judgment is granted in its entirety, defendant Aetna's motion for summary judgment is also granted in its entirety and Aetna's request for attorneys' fees is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          August 19, 2005